# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **KEN FABER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**U.S. MONEY RESERVE, INC.,** a Delaware corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Ken Faber ("Plaintiff Faber" or "Faber") brings this Class Action Complaint and Demand for Jury Trial against Defendant U.S. Money Reserve, Inc. ("U.S. Money Reserve" or "Defendant") to stop the Defendant from violating the Telephone Consumer Protection Act by sending telemarketing text messages *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff Faber, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Faber is a Billings, Montana resident.

2. Defendant U.S. Money Reserve is a Delaware corporation headquartered in Beaumont, Texas. Defendant conducts business throughout this District and the United States.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is based in this District and because the wrongful conduct giving rise to this case was directed to Plaintiff from this District.

**INTRODUCTION**

5. As the Supreme Court explained at the end of its last term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day.

*In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in April 2021 alone, at a rate of 147.6 million calls per day. www.robocallindex.com

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

## COMMON ALLEGATIONS

**U.S. Money Reserve Markets its Services by Sending Text Messages to Consumers Registered on the Do Not Call Registry Without Their Prior Consent**

15. Defendant U.S. Money Reserve sells gold and silver products to consumers.

16. Defendant runs SMS marketing campaigns.

17. Because of the nature of SMS telemarketing campaigns and the technology used to execute them, on information and belief, Defendant sends SMS text message campaigns to hundreds if not thousands of consumers who have not given their prior express consent to receive solicitation text messages from Defendant like the Plaintiff.

18. Many aggrieved consumers have posted complaints about receiving unwanted solicitation calls and texts from the Defendant.[3] For instance, one consumer complained about receiving unwanted solicitations from the Defendant even though he is registered on the DNC.[4]



19 Jul 2018

Pro Tip for Scam Artists: If you want marks to feel comfortable enough about your company's integrity to fork over their hard-earned cash to you for your sketchy "investments", it's probably not a good idea to break the law right off the bat by contacting people registered on the Do Not Call list.

## PLAINTIFF'S ALLEGATIONS

**U.S. Money Reserve Sent Solicitation Text Messages to Plaintiff Without His Consent**

19. Plaintiff Faber registered his cell phone number on the DNC on January 19, 2012 so that he would not receive unsolicited calls and text messages.

20. Plaintiff Faber's cell phone number is not associated with a business and is used for personal use only.

---

[3] https://www.shouldianswer.com/phone-number/5128790100
[4] https://800notes.com/Phone.aspx/1-512-879-0100/3

21. On August 12, 2020 at 9:31AM, Plaintiff received a text message from the Defendant from the phone number (512) 641-6423:



22. The text message that the Plaintiff received was soliciting him to purchase physical gold through U.S. Money Reserve. The message provided the phone number 833-534-9033 for the Plaintiff to call back, which is U.S. Money Reserve's phone number.

23. When this number 833-534-9033 is called, a recorded voice message identifies itself as Defendant U.S. Money Reserve.

24. On January 5, 2021 at 9:10AM, Plaintiff received another text message from the Defendant using the phone number (512) 641-6368:



25. This text message received by the Plaintiff was soliciting the purchase of physical gold through the U.S. Money Reserve. The message provided the phone number 833-640-1132 for the Plaintiff to call back.

26. When this number 833-640-1132 is called, a recorded voice message identifies itself as Defendant U.S. Money Reserve.

27. On April 28, 2021, Plaintiff received another text message from the Defendant using the phone number (512) 262-4785:



28. Defendant sent this text message which directs the consumer to their website to participate in a quiz which will ultimately invites them to purchase a product from the Defendant.

29. Plaintiff Faber has never provided his phone number to or consented to be called by the Defendant. Plaintiff also has no prior business relationship with the Defendant.

30. The unauthorized solicitation text messages that Plaintiff received from U.S. Money Reserve, as alleged herein, have harmed Plaintiff Faber in the form of annoyance,

7

nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

31. Seeking redressal for these injuries, Plaintiff Faber, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telemarketing text messages to telephone numbers that are registered on the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From the Defendant's Actions

32. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff, and (5) for whom Defendant claims it obtained the person's number in substantially the same manner it obtained Plaintiff's number.

33. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or

released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

34. **Typicality and Numerosity**: On information and belief, there are thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the class that received texts as part of the same telemarketing campaign as other members of the Class.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant U.S. Money Reserve systematically sent multiple text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to send the texts;

(b) whether Defendant's texts to Plaintiff and other consumers were sent for telemarketing purposes;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

d) whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

36. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

37.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Faber and the Do Not Call Registry Class)**

38.     Plaintiff repeats and realleges paragraphs 1 through 37 of this complaint and incorporates them by reference.

39.     Defendant and/or its agents made unwanted solicitation text messages to Plaintiff and the other members of the Do Not Call Registry Class.

40.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation." to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41.     Any "person who has received more than one telephone call within 12-month period by or on the behalf of the same entity in violation of the regulations prescribed under this

subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

42. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

43. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one text messages in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

44. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

45. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages for the benefit of Plaintiff and the Class;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**KEN FABER**, individually and on behalf of those similarly situated individuals

Dated: June 1, 2021

*/s/ Daniel Baldree*
Daniel Baldree
The Law Office of Daniel W. Baldree, P.L.L.C
1250 Hwy 96 S
Silsbee, TX 77656
Telephone: (713) 446-1383
Fax: (409) 419-1058

Avi R. Kaufman (FL Bar No. 84382)*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*\* Pro Hac Vice Motion forthcoming*

*Attorneys for Plaintiff and the putative Class*